UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Heather Zeitlin, Plaintiff, v. OWU LLC f/k/a Carolina Center for Occupational Health, LLC and Carolina Correctional Healthcare Management, LLC, Defendants. | CASE NO.: 2:20-cv-03553-DCN-MGB **COMPLAINT** **(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendants, would show unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1.      This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2.      All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

      a.   A charge of employment discrimination on basis of disability was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

      b.   Notice of the Right to Sue from EEOC has not yet been received.[1]

3.      This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4.      The Defendants own and operate a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5.      The Plaintiff, Heather Zeitlin, is a citizen and resident of Charleston County, South Carolina.

6.      Defendant OWU LLC f/k/a Carolina Center for Occupational Health, LLC, upon information and belief, is a domestic corporation existing and operating under the laws of the State of South Carolina and is located in this judicial district.

---

[1] The Plaintiff files suit on all claims herein mentioned to preserve the same prior to the expiration of the statute of limitations.  Charges of Discrimination have been filed with the EEOC, and the investigation remains pending.  The Plaintiff intends to file a Motion to Stay this action to allow time for the EEOC to issue Plaintiff's Notices of Right to Sue.

7. Defendant Carolina Correctional Healthcare Management, LLC, upon information and belief, is a domestic corporation existing and operating under the laws of the State of South Carolina and is located in this judicial district.

8. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

9. Plaintiff is an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).

10. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendants' employment, and who requested reasonable accommodations.

11. The Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

12. The Defendants are a "person" within the meaning of the Americans with Disabilities Act (42 U.S.C. §12117).

13. Defendants employ fifteen (15) or more employees and are an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

14. Defendants employ fifteen (15) or more employees and are an "employer" within the meaning of the Americans with Disabilities Act (42 U.S.C. §12117).

15. The Defendants are an industry that affects commerce within the meaning of the Title VII and the Americans with Disabilities Act.

16. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

17. In or about November of 2018, Plaintiff began working for Defendant OWU LLC f/k/a Carolina Center for Occupational Health (hereinafter "CCOH") as a Licensed Practical Nurse ("LPN"). Thereafter, CCOH was assumed by Carolina Correctional Healthcare Management, LLC (hereinafter "CCHM").

18. Therefore, at certain times relevant to this Complaint, Plaintiff was employed by CCOH and at other times, she was employed by CCHM. At all times relevant to this Complaint, the Plaintiff was efficient and effective in her work.

19.     On or about September 27, 2019, the Plaintiff was tending to a large inmate who was having a seizure.   While trying to subdue and restrain him to administer the proper medications, the Plaintiff strained her neck and trapezius muscle.

20.     The pain from the injury she sustained (described in the preceding paragraph) quickly began to spread down her right arm.  It was then that the Plaintiff realized she was unable to work for the remainder of the day, and reported the injury to a co-worker who then relayed that information to the Plaintiff's Director.

21.     Despite her employer being made aware that the Plaintiff suffered an on-the-job injury, they refused to assist her in initiating a workers' compensation claim.

22.     Additionally, the Plaintiff has suffered from asthma most of her life and that condition is exacerbated when she suffers from other respiratory issues.

23.     In October of 2019, the Plaintiff was diagnosed with pneumonia which caused her asthma to flare up.  As a result, she was ordered out of work for three (3) days.  Upon her return, she was directed by her physician to take prescription medication and to use an inhaler as needed.

24.     On or about October 7, 2019, the Plaintiff began to feel lightheaded while working, which was an indication she needed to take her medicine and use her inhaler.  She requested to go to medical, where Human Resources representatives began to interrogate and accuse her for over an hour.

25.     Despite numerous requests, no one would allow the Plaintiff to access to her medications or inhaler.

26.     The Plaintiff would have been able to perform her job with the reasonable accommodation of taking her medications and inhaler (which she repeatedly requested to use) but instead was denied that accommodation and terminated from her position.

27.     The Defendants terminated Plaintiff's employment both in retaliation for requesting a reasonable accommodation and for seeking to institute a workers' compensation claim.

28.     At all times relevant to this Complaint, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

### FOR A FIRST CAUSE OF ACTION
**(Violation of Americans With Disabilities Act – Failure to Accommodate)**

29.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30.     Plaintiff is a person with a disability as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she had a disability (asthma) which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

31.    Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

32.    Defendants have discriminated against Plaintiff without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

33.    Despite being a person with a disability, the Plaintiff could perform the essential functions of her job.

34.    Defendants denied Plaintiff's request for reasonable accommodations and failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

35.    Due to the acts of the Defendants, their agents and employees, Plaintiff is entitled to back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Violation of Americans With Disabilities Act – Retaliation)

36.    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37.    Plaintiff's request for accommodations aforesaid constitutes protected activity under the ADA.

38.    Once the Plaintiff engaged in the protected activity of requesting reasonable accommodations, Defendants retaliated against her, in violation of the ADA.

39.    Due to the acts of the Defendants, their agents and employees, Plaintiff is entitled to back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A THIRD CAUSE OF ACTION
### (Retaliatory Discharge S.C. Code §41-1-80)

40.    Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41.    Plaintiff's termination arose directly from her assertion of work-related injury claims.

42.    Plaintiff's termination, in fact, was retaliatory in nature for Plaintiff's attempting to bring a workers' compensation claim in violation of the S.C. Code of Laws, §41-1-80, as amended.

43.    Plaintiff's institution of a workers' compensation claim was a substantial factor in bringing about her termination.

4

44.     Due to the acts of Defendants, their agents and/or employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, interest on those back wages from the date of her termination to the present date, front pay for wages, wages she will lose in the future, and reinstatement.

45.     By reason of such wrongful and retaliatory discharge by Defendants, their agents and employees, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendants as follows:

1.     Judgment in favor of the Plaintiff and against Defendants for all causes of action;

2.     An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3.     Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4.     An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5.     An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6.     An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7.     For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.


**WIGGER LAW FIRM, INC.**


s/*Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
October 8, 2020

5